[J-30-2015] [MO: Baer, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

COMMONWEALTH OF PENNSYLVANIA,    : No. 127 MAP 2014
                                        :
           Appellant            : Appeal from the order of the Berks County
                                        : Court of Common Pleas, Criminal Division,
                                        : at No. CP-06-CR-0004662-2012 dated
           v.                    : August 27, 2013.
                                        :
                                        : ARGUED:   May 5, 2015
JOSE LUIS OLIVO,                   :
                                        :
           Appellee               :

## <u>DISSENTING OPINION</u>

**MR. JUSTICE EAKIN**                            **DECIDED:   November 18, 2015**

I agree with the majority's analysis finding 42 Pa.C.S. § 5920 constitutionally sound. However, application of this statute permits expert witnesses to influence a jury's determination of a victim's credibility under the guise of educating jurors on the varying reactions to sexual violence; because I do not believe this is an appropriate methodology, I respectfully dissent.

The presentation of an expert's opinion on credibility invites a jury to abandon its role as the arbiter of veracity, instead demanding <u>de facto</u> deference to the expert's "unwarranted appearance of authority in the subject of credibility." <u>Commonwealth v. Alicia</u>, 92 A.3d 753, 760 (Pa. 2014); <u>Commonwealth v. Davis</u>, 541 A.2d 315, 317 (Pa. 1988). Here, § 5920 facially precludes specific comments on credibility by the expert, limiting testimony to "opinions regarding specific types of victim responses and … behaviors[,]" and expressly prohibiting direct observations about a victim's credibility. 42 Pa.C.S. § 5920(b)(2), (3). Nevertheless, when offered at trial, such expert testimony

will in fact weigh directly on a victim's credibility, fundamentally altering the exclusive function of the jury. See Alicia, at 761 ("[T]he question of a witness's credibility is reserved exclusively for the jury."). Indeed, if the opinion is about "normal" responsive behavior, expert testimony is unnecessary and irrelevant. It is only in the "abnormal" response situation that it is arguably relevant, and there the expert can clearly be talking about one thing only — factors pertinent to the people in this specific case. Thus, the witness must be opining on those precise facts, despite the statute's prohibition; a jury needs no expert to see through the fiction that the opinion testimony is not about the credibility of witnesses before it.

Specifically, an expert may opine there are no "typical" reactions to sexual violence and testify to the range of reactions a victim may experience after an assault. See Commonwealth's Brief, at 15, 19. While this testimony is certainly helpful to a jury's understanding of a victim's atypical reaction, it has no bearing on the underlying facts of an assault, nor does it establish whether an accused actually committed a crime. Rather, it is only relevant because a victim's response or reaction bears directly on his or her credibility. Thus, by purporting to explain the reaction, an expert directly, and in my judgment, improperly, either bolsters or attacks a victim's credibility. There simply is no other purpose for such evidence.

The Commonwealth contends expert opinion pursuant to § 5920 is necessary because victim reactions to sexual violence are not within a jury's ken, and without such testimony, stereotypes concerning sexual assault victims may cloud a jury's judgment. Id., at 16. While I understand these concerns, the Commonwealth should be careful what it wishes for — what is sauce for the goose is sauce for the gander, and if expert opinions are admissible and helpful to the prosecution here, there will be experts with admissible opinions to the contrary, in rebuttal and in each ensuing case.

As almost by definition, expert opinion on how a witness might or might not react influences a jury's credibility determination. I do not believe this is an appropriate method for edifying jurors. A better process for addressing this issue would be to enhance jury instructions on credibility determinations in cases involving sexual assault or other distinctive crimes. See, e.g., Commonwealth v. Walker, 92 A.3d 766, 806-07 (Pa. 2014) (Eakin, J., dissenting). By implementing modified jury instructions stressing the individuality of victim reactions, jurors can make an informed credibility assessment without the risk of relinquishing their independent decision-making to battling experts. This approach avoids the inevitable "war of hired doyens attacking each other's opinion" that accompanies § 5920. Id., at 806; 42 Pa.C.S. § 5920(b)(4) (permitting either party to present expert testimony on victim responses to sexual violence). Indeed, modified jury instructions would avoid the pitfalls of § 5920 while addressing the notable and legitimate concerns of the Commonwealth and the General Assembly. As I believe § 5920 is an overly broad approach to addressing these concerns, I must dissent.